IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RODNEY SYDNOR | * | |
| | * | |
| | * | |
| v. | * | Civil No. CCB-10-3650 |
| | * | |
| | * | |
| THE FINISH LINE, INC., et al | * | |
| | ****** | |

MEMORANDUM

Plaintiff Rodney Sydnor ("Sydnor") brought this action against defendant IPC International Co. ("IPC"). The case was in Baltimore County and removed to this court under diversity jurisdiction. His claims arise from an incident in the Towson Town Center mall in March of 2009 in which he alleges he was falsely imprisoned. IPC now moves for summary judgment on the ground that Sydnor has failed to provide a sufficient factual or evidentiary basis for his claims. The issues have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6. For the reasons stated below, the defendant's motion will be granted.

BACKGROUND

On March 12, 2009, plaintiff Rodney Sydnor ("Sydnor") was shopping at The Finish Line, a retail store located in the Towson Town Center mall in Towson, Maryland. (Compl. ¶ 7, ECF No. 3.) Approximately four months earlier, an unidentified person stole a patron's credit card at the same Towson mall. (Compl. ¶ 8; Pl.'s Answer to Def.'s Interrog. 4, ECF No. 18, Ex. 1.) The credit card company tracked a subsequent purchase on the stolen card to The Finish Line at a different location. (Compl. ¶ 8.) On or about March 24, 2009, plaintiff was charged with use of a stolen credit card (CR 8.206(a)) and taking a credit card from another (CR 8.204(a)(i)). (Def.'s Mot. for Summ. J., Ex. 2–3, ECF No. 18.) The charges were later dismissed.

1

(*Id.*, Ex. 2.) To date, the individual who stole the credit card and made the purchase has not been identified. (Compl. ¶ 8.)

While Sydnor was in The Finish Line at the Towson mall on March 12, 2009, a Finish Line employee identified Sydnor as the person who had stolen the credit card four months prior. (Compl. ¶ 9.) The employee called mall security, which defendant IPC International Co. ("IPC") allegedly manages, while another employee waited on Sydnor. (Pl.'s Answer to Def.'s Interrog. 2.) Mall security guards, relying on The Finish Line employees' representation of Sydnor's involvement in the prior theft, handcuffed Sydnor, walked him through the common area of the mall, and held him for questioning for approximately four hours. (Compl. ¶¶ 10–12.) While Sydnor was in custody, a female Finish Line employee came to the detention location with The Finish Line's manager and, pointing at Sydnor, said, "He is the one who used your card to buy items at the Finish Line." (Pl.'s Answer to Def.'s Interrog. 2 and 4.) The security guards contacted Baltimore County Police, who instructed the guards to release Sydnor. (Pl.'s Answer to Def.'s Interrog. 4.)

Sydnor filed suit against IPC[1] March 11, 2010, alleging false imprisonment (Count VII), negligent supervision and training (Count VIII), and assault (Counts IX–X). He seeks compensatory damages in the amount of $150,000 and punitive damages in the amount of $500,000, plus costs. After removal in December 2010, the discovery deadline was set for June 8, 2011. Sydnor propounded interrogatories to IPC on June 2, 2011, (Def.'s Reply to Pl.'s Resp. in Opp'n to Def.'s Mot. for Summ. J. at 3 n.2, ECF No. 22), a mere six days before the discovery deadline, in violation of Local Rule 104.2. IPC did not answer Sydnor's untimely

---

[1] Sydnor also filed suit against The Finish Line, Inc., and the mall owner, General Growth Properties, Inc. ("GGP"). Plaintiff agreed to dismiss with prejudice the claim against The Finish Line, and the suit against GGP has been stayed pending bankruptcy proceedings.

2

interrogatories. To the court's knowledge, Sydnor conducted no other discovery before the June 8th deadline, nor did he seek an extension of time. IPC now moves for summary judgment on all counts.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has clarified that this does not mean any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510 (1986) (emphasis in original). Whether a fact is material depends upon the substantive law. *Id.* at 248, 106 S. Ct. at 2510. "A genuine dispute exists if a reasonable factfinder could return a verdict for the nonmoving party." *Id.* at 247–48, 106 S. Ct. at 2510.

The moving party bears the burden of showing there is no genuine issue as to any material fact. *See Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979). The moving party can meet this burden by demonstrating the absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552 (1986). In response, the nonmoving party must then demonstrate specific facts showing that a genuine issue remains for trial. *Id.* at 324, 106 S. Ct. at 2553. "A party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of [his] pleadings, but rather must set forth specific facts showing that there is a genuine issue for

3

trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (internal quotation marks and citation omitted) (alteration in original).  This burden is particularly strong where the nonmoving party also bears the burden of proof at trial.  *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995); *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990).

The court must then "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion,'" *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 1774 (2007) (alteration in original) (quoting *United States v. Diebold*, 369 U.S. 654, 655, 82 S. Ct. 993 (1962)), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993) (internal quotation marks omitted).

## ANALYSIS

For IPC to be liable for the security guards' acts, the security guards must have been employees or agents of IPC acting in the scope of employment at the time of the incident.  The existence of an agency or employment relationship is typically a question of fact.  *Med. Mut. Liab. Ins. Soc'y of Md. v. Mut. Fire, Marine and Inland Ins. Co.*, 37 Md. App. 706, 712, 379 A.2d 739, 742 (1977).  IPC has not conceded that the security guards who detained Sydnor were in fact employees or agents of IPC.  Thus, the security guards' relationship to defendant is a material fact in dispute.  Despite ample time for discovery, however, plaintiff failed to gather names or descriptions of the people who detained him, nor did he do anything beyond assert that they were in fact employees or agents of IPC.  Mere reliance on the pleadings is insufficient to overcome a motion for summary judgment. Fed. R. Civ. P. 56(e); *see also Foy v. Norfolk & W. Ry. Co.*, 377 F.2d 243, 246 (4th Cir. 1967).

Even assuming the security guards were agents or employees of IPC, plaintiff has failed to present any evidence of liability beyond the allegations in his complaint. In an action for false imprisonment, the plaintiff must prove by a preponderance of the evidence that he was deprived of his liberty without his consent and without legal justification. *Herrington v. Red Run Corp.*, 148 Md. App. 357, 361, 811 A.2d 894, 896 (2002). In response to IPC's motion for summary judgment, however, plaintiff has merely reiterated the allegations of his complaint, relying solely on a general denial of any responsibility for the credit card theft for which he was detained and questioned. Rather than provide evidence that the security guards acted without legal justification, a claim on which he bears the burden of proof, Sydnor asserts that IPC has failed to "provide facts about the incident subsequent to the arrest but preceding the arrival of the Baltimore County Police . . . ." Pl.'s Opp'n to Def.'s Mot. for Summ. J. at 5, ECF No. 21. Sydnor suggests that this absence of facts works in his favor, but he is the party that bears the burden of proof at trial. Thus, while the court will view the facts in the light most favorable to the nonmoving party, Sydnor must provide colorable evidence to support his contentions. Mere allegations of a lack of legal justification are not sufficient to defeat IPC's motion for summary judgment.

Sydnor's allegations regarding assault and battery are similarly unsupported. Causes of action for assault and battery arising out of an incident of alleged false imprisonment are "analytically dependent upon the cause of action for false imprisonment." *See Ashton v. Brown*, 339 Md. 70, 119 n.24, 660 A.2d 447, 471 n.24 (1995). In other words, as *Ashton* explained, where there is legal justification for the detention, reasonable physical force used to effectuate the detention is not tortious. Conversely, the use of force to effectuate detention without legal justification may give rise to liability for assault and battery. *Id.* Accordingly, Sydnor's failure

to produce any evidence in support of his claim that the security guards lacked legal justification to detain him also undermines his assertions as to IPC's liability for assault and battery.

Finally, Sydnor alleges that IPC is liable for negligent supervision and training. Under Maryland law, the plaintiff bears the burden of showing he suffered injury caused by the tortious conduct of defendant's employees; that defendant knew or should have known that its employees were capable of inflicting such harm; that defendant failed to use proper care in supervising or training its employees; and that defendant's failure was the proximate cause of plaintiff's injuries. *See Williams v. Cloverland Farms Dairy, Inc.*, 78 F. Supp. 2d 479, 484 (D. Md. 1999). Indeed, Sydnor acknowledges that he bears this burden, Pl.'s Opp'n to Def.'s Mot. for Summ. J. at 7, and yet provides no evidence of IPC's negligence with regard to its alleged employees' conduct.

IPC avers that in addition to providing some basis in evidence to support this claim, Sydnor must also designate an expert to testify to the relevant standard for negligent training and supervision. Def.'s Reply to Pl.'s Resp. in Opp'n to Def.'s Mot. for Summ. J. at 5. Accordingly, IPC asserts that Sydnor's failure to provide an expert witness constitutes a failure to prove that IPC breached any standard of care with regard to training and supervision.

It is well established under Maryland law that expert testimony is only required "when the subject of the inference is so particularly related to some science or profession that is it beyond the ken of the average layman." *Virgil v. Kash N' Karry Serv. Corp.*, 61 Md. App. 23, 31, 484 A.2d 652, 656 (1984). While the District of Columbia requires expert testimony to establish the requisite standard of care for negligent hiring, training, and supervision of security personnel, *see Farooq ex rel. Estate of Farooq v. MDRB Corp.,* 498 F. Supp. 2d 284, 287 (D.D.C. 2007), IPC has not cited a Maryland case adopting such a requirement. Even assuming

that such expert testimony is not required, however, Sydnor has failed to support this claim with any evidence beyond the allegations in his complaint.  As with the other counts alleged against IPC, Sydnor merely recites the facts of his complaint without providing any evidence upon which a reasonable factfinder could base a verdict in his favor.

Despite ample time for discovery, Sydnor has failed to produce any evidence to support the factual allegations in his complaint.  Because Sydnor failed to proffer any evidence to present a genuine issue of material fact for trial, summary judgment for IPC will be granted by separate order.


September 29, 2011                                                  /s/                                                       
Date                                                              Catherine C. Blake
                                                                  United States District Judge